COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


ROBERT SHARP

MEMORANDUM OPINION*

v.    Record No. 0715-00-4                    PER CURIAM
                                         AUGUST 15, 2000

K B R CORPORATION AND
 ASSURANCE COMPANY OF AMERICA


             FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             (Kathleen G. Walsh, on brief), for appellant.

             (William S. Sands, Jr.; Duncan and Hopkins,
             P.C., on brief), for appellees.


     Robert Sharp (claimant) contends that the Workers'

Compensation Commission erred in finding that he failed to prove

that his right shoulder problems were a compensable consequence

of his April 30, 1997 left shoulder injury.  Upon reviewing the

record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Unless we can say as a matter of law that claimant's evidence

sustained his burden of proof, the commission's findings are

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

binding and conclusive upon us. See Tomko v. Michael's

Plastering. Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In holding that claimant's evidence failed to sustain his

burden of proof, the commission found as follows:

> There is no credible direct testimony
> from the claimant . . . suggesting that he
> performed any deleterious physical activity
> with, or suffered any injury to his right
> shoulder as a direct consequence of his left
> shoulder injury. There was no evidence of
> strenuous overcompensation, nor of
> subsequent injury resulting from the
> performance of tasks with his right arm and
> shoulder that he might ordinarily have
> performed with the left. . . .
>
> The only activity to which the claimant
> attempts to attribute his right shoulder
> problems is physical therapy after his
> second surgical procedure. However, there
> is no evidence that such activity involved
> movement that the claimant would not
> otherwise have performed. Further, there
> are no contemporaneous medical records
> corroborating the claimant's testimony on
> this point. Noticeably, the physical
> therapist recorded that the claimant had
> full range of motion in the right shoulder
> at the time, and there is no report of
> increased right-sided complaints as a result
> of the therapy.
>
> . . . Significantly, none of the
> claimant's physicians have attributed his
> right shoulder problems to his participation
> in physical therapy. The only medical
> evidence comes from Dr. [Robert P.]
> Nirschl. . . . [However,] [h]e does not
> identify what, if any, role the left arm
> played in the right arm's injury, nor did
> the claimant testify regarding overuse of
> his right shoulder. While [Dr. Nirschl]
> "did not disagree" with the "concept" that
> the left shoulder condition "probably"
> played a role in the right shoulder

-

> problems, this opinion is equivocal, and suggests that it was not arrived at independently, but at the suggestion of counsel.

> . . . The claimant and his wife testified that "everything happened" at the time of the accident on April 30, 1997, that he had experienced problems with his right arm "from day one," and only that his right arm felt <u>worse</u> after physical therapy. They both testified that they informed Dr. [Robert] DeBlasi and Dr. Nirschl regarding his right shoulder complaints on numerous occasions before June of 1998. However, these assertions are completely unsupported by the doctor's contemporaneous treatment notes.

The commission's factual findings are supported by the record. In its role as fact finder, the commission was entitled to give little probative weight to claimant's testimony that his right shoulder problems began while undergoing physical therapy in 1998. This testimony was not corroborated by any evidence in the record, medical or otherwise, and it was in direct contradiction to the testimony of claimant and his wife that his right shoulder problems began on the day of the April 1997 accident. It is well settled that credibility determinations are within the fact finder's exclusive purview. <u>Goodyear Tire & Rubber Co. v. Pierce</u>, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). In addition, in light of the equivocal nature of Dr. Nirschl's opinions and the lack of any medical evidence to support them, the commission was entitled to give those opinions little probative weight. "Medical evidence is not necessarily

-

conclusive but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991).

Based upon this record, we cannot find as a matter of law that claimant's evidence sustained his burden of proof. Accordingly, the commission's findings are binding and conclusive upon us on appeal.

For these reasons, we affirm the commission's decision.

Affirmed.